UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BERTRAND GIRARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEPHEN DODD, et al. )<br>)<br>Defendants. ) | CIVIL NO. 2:16-CV-00165-DBH |

### DEFENDANTS' MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Now come the Defendants, Roger Beaupre, and the City of Biddeford, by and through undersigned counsel, and, under Federal Rule of Civil Procedure 12(b)(6), move this Court to dismiss the Complaint based upon the statute of limitations and failure to comply with statutory notice requirements as set forth below.

### I.  PROCEDURAL BACKGROUND

In the Complaint, filed in Maine Superior Court, York County, on February 23, 2016, the Plaintiff alleges two counts against Defendants Roger Beaupre and the City of Biddeford for violations of 42 U.S.C. § 1983, and a third count for negligent supervision.[1]  The case was removed to this Court on March 11, 2016.  Defendants now move to dismiss the Complaint against them because the statute of limitations for these claims expired in the 1980s, and for failure to comply with a statutory notice requirement.

### II.  LEGAL STANDARD

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), this Court "must take all the factual allegations in the complaint as true." *Santana-Castro v. Toledo-Davila*, 579 F.3d 109,

---

[1] A fourth count asserts claims against Defendant Dodd.  Upon information and belief Plaintiff has not yet served Defendant Dodd with a copy of the complaint.

111 (1st Cir. 2009) (quoting *Maldonado v. Fontánes,* 568 F.3d 263, 266 (1st Cir.2009)). "As a result, 'to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Concepcion-Torres v. Puerto Rico*, 45 F. Supp. 3d 170, 172 (D.P.R. 2014) (quoting *Ashcroft v. Iqbal,* 556 U.S 662, 678 (2009)).

Statutes of limitations as a defense may be considered on a motion to dismiss pursuant to Rule 12(b)(6) to the extent that "the complaint and any documents that properly may be read in conjunction with it show beyond doubt that the claim asserted is out of time." *Rodi v. So. New England Sch. of Law*, 389 F.3d 5, 17 (1st Cir. 2004). The First Circuit has repeatedly held, in other words, that "[a]ffirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that 'the facts establishing the defense [are] clear on the face of the plaintiff's pleadings.'" *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 320 (1st Cir. 2008) (quoting *Blackstone Realty LLC v. Fed. Deposit Ins. Corp.*, 244 F.3d 193, 197 (1st Cir.2001)).

Here, the Plaintiff asserts three counts against the Defendants alleging various violations of his rights pursuant to section 1983 and a State-law tort claim of negligent supervision, which he alleges took place "between 1977 and 1982." (Compl. ¶¶ 1, 10-39.) "Between 1977 and 1978" Plaintiff "was 13 to 14 years old" (Compl. ¶ 10), so he must have turned 18 no later than 1982.

### III.   THE 42 U.S.C. § 1983 CLAIMS AGAINST ALL DEFENDANTS ARE TIME-BARRED

Title 42 U.S.C. § 1983 does not contain its own statute of limitations, and the U.S. Supreme Court has held that the statute of limitations for a section 1983 action is determined under state law. *Board of Regents v. Tomanio*, 446 U.S. 478, 483 (1980). In *Wilson v. Garcia*,

the U.S. Supreme Court held that section 1983 operates "as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims." *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). The Court's reason for applying one statute of limitations in each state to all section 1983 claims is as follows:

> If the choice of the statute of limitations were to depend upon the particular facts or the precise legal theory of each claim, counsel could almost always argue, with considerable force, that two or more periods of limitations should apply to each § 1983 claim. Moreover, under such an approach different statutes of limitations would be applied to the various § 1983 claims arising in the same State, and multiple periods of limitations would often apply to the same case. There is no reason to believe that Congress would have sanctioned this interpretation of its statute.

*Id.* at 273-75 (footnotes omitted). Thus, the Court held that there would not be one statute of limitations for a section 1983 action based upon a wrongful death, another for fraud, and yet another for a negligence-based remedy. *Id.* Rather, section 1983 must be construed to require a single statute of limitations for all section 1983 claims in a state.[2] *Id.* at 275.

In determining the appropriate state-law statute of limitations, the *Wilson* Court looked not to the underlying facts and circumstances giving rise to the section 1983 action, but rather to section 1983 actions in general. 471 U.S. at 270. The Supreme Court held in *Wilson* that the appropriate statute of limitations is a matter of federal law: "Congress surely did not intend to assign to state courts and legislatures a conclusive role in the formative functions of defining and characterizing the essential elements of a federal cause of action." 471 U.S. at 269. Federal law

---

[2] After *Wilson* was decided, Congress enacted a four-year statute of limitations for civil claims under federal statutes enacted after 1991. *See* 42 U.S.C. § 1658. Section 1983, however, was enacted before 1991, so the four-year federal statute of limitations does not apply to it. The Supreme Court has also construed section 1658 to apply to causes of action under statutes that were amended after 1991, in addition to those that were enacted after 1991, if the amendment gave rise to the Plaintiff's claim. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) ("We conclude that a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990—and therefore is governed by § 1658's 4–year statute of limitations—if the plaintiff's claim against the defendant was made possible by a post–1990 enactment.") ((quoting 42 U.S.C. § 1658)). Here, however, Plaintiff's claims did not arise out of any post-1991 amendment to section 1983, so section 1658 does not apply.

and uniform statewide statutes of limitations are paramount primarily because "§ 1983 provides 'a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation.'" *Id.* at 271-72. The Court noted that the "historic catalyst" for the Civil Rights Act was the Ku Klux Klan's violence in the American South. *Id.* at 276. That being so, "Congress unquestionably would have considered the remedies established in the Civil Rights Act to be more analogous to tort claims for personal injury than, for example, to claims for damages to property or breach of contract." *Id.* at 277. As a result, the Court characterized section 1983 claims as personal injury actions, and adopted the state-law statute of limitations for personal injury claims for all section 1983 claims. *Id.* at 280.

In *Small v. Inhabitants of City of Belfast*, 796 F.2d 544 (1st Cir. 1986), the First Circuit addressed the issue of the appropriate statute of limitations for section 1983 actions in Maine. Following the *Wilson* Court's directive, the First Circuit determined that "a single limitations period is to be selected and that limitations period should be the one applicable to tort actions for recovery of damages for personal injury." *Id.* at 545. The District Court had applied 14 M.R.S. § 752, the two-year statute of limitations for cases involving defamation, assault and battery, false imprisonment, and medical malpractice, on the ground that a section 1983 violation was akin to an intentional tort. The First Circuit disagreed, holding instead that the six-year statute of limitations for general civil claims, 14 M.R.S. § 753, applies to section 1983 claims in Maine. *Id.* at 546; *see also McKenney v. Greene Acres Manor*, 650 A.2d 699, 701 (Me. 1994) ("The First Circuit Court of Appeals has had occasion to apply the *Wilson* rule to a section 1983 claim arising in Maine, holding that the residual six-year statute of limitations set forth in 14 M.R.S.A. § 752 (1980) is the appropriate one to be used for section 1983 cases in the state of Maine." (quotation marks omitted)).

4

Regardless of the subject matter of the case, "the Maine six-year statute of limitations, 14 M.R.S.A. § 752, is the appropriate one to be used for section 1983 cases in the state of Maine." *Small*, 807 F.2d at 546.  For that reason, in *McKenney* the Law Court held that the six-year statute of limitations applied to a section 1983 claim arising out of a wrongful death, even though the statute of limitations for a wrongful death action would have been two years. *McKenney*, 650 A.2d at 701 ("[W]e agree with the First Circuit that Maine's six-year residual statute of limitations applies to all section 1983 cases arising in Maine . . . .").  Similarly, in *Walker v. Barrett*, the United States Court of Appeals for the Eighth Circuit dismissed a claim alleging sexual abuse by a teacher because it was time-barred following the *Wilson* analysis.  650 F.3d 1198, 1205 (8th Cir. 2011); *see also Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 766 (7th Cir. 2013) (applying the two-year personal injury statute of limitations rather than the twenty-year child sexual abuse statute of limitations); *A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 988 (S.D. Tex. 2014), *aff'd sub nom. King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015) (applying the general Texas two-year statute of limitations period for personal injury rather than the five-year sexual abuse limitations period).  Likewise here, this Court must apply the six-year statute of limitations set forth in 14 M.R.S. § 753 and conclude that, on the face of the Plaintiff's Complaint, his section 1983 claims are time-barred.  Therefore, the Defendants respectfully request that this Court dismiss the Complaint against them with prejudice.

**IV.   THE NEGLIGENCE CLAIM AGAINST DEFENDANTS BEAUPRE AND THE CITY IS BARRED UNDER THE STATUTE OF LIMITATIONS AND NOTICE PROVISIONS OF THE MAINE TORT CLAIMS ACT**

    **A. The Negligence Claim is Barred by the Two-Year Statute of Limitations in 14 M.R.S. § 8110 for Claims against a Governmental Entity or Its Employees**

The Maine Tort Claims Act provides that "[e]very claim against a governmental entity or its employees" must be commenced "within 2 years after the cause of action accrues, except that, if the claimant is a minor when the cause of action accrues, the action may be brought within 2 years of the minor's attaining 18 years of age." 14 M.R.S. § 8110. The Complaint alleges that Plaintiff "was sexually assaulted by Biddeford Police Officer Stephen Dodd between 1977 and 1982," and that "[b]etween 1977 and 1978" Plaintiff "was 13 to 14 years old . . . ." (Compl. ¶ 1, 10.)

The conduct for which Defendants are being sued is alleged to have occurred between 1977 and 1982, and Plaintiff turned 18 no later than 1982. *See id*. This action was filed in 2016, which is not "within 2 years after the cause of action accrue[d]" in 1982. 14 M.R.S. § 8110. It is therefore time-barred.

### B. The Negligence Claim is Barred by Failure to Comply with the Notice Provision in 14 M.R.S. § 8107

In addition to the two-year statute of limitations, the Tort Claims Act contains a notice requirement:

> Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit, a claimant or a claimant's personal representative or attorney shall file a written notice containing:
>
> A. The name and address of the claimant, and the name and address of the claimant's attorney or other representative, if any;
>
> B. A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;
>
> C. The name and address of any governmental employee involved, if known;
>
> D. A concise statement of the nature and extent of the injury claimed to have been suffered; and

E. A statement of the amount of monetary damages claimed.

14 M.R.S. § 8107. Plaintiff does not allege that he filed the required notice within 180 days of the accrual of his claim in the 1980s. (Compl. ¶ 1.) Moreover, even if he could "show[] good cause why notice could not have reasonably been filed within the 180-day limit," Plaintiff would still have been required to give notice "within the limits of section 8110" (14 M.R.S. § 8107), which he failed to do. *See supra* § IV(A). His negligence claim is therefore barred.

WHEREFORE, because Plaintiff's claims are time-barred on the face of the Complaint, and Plaintiff has failed to comply with the statutory notice requirement, this Court should dismiss the Complaint with prejudice.

Dated:  March 15, 2016

    /s/ Keith R. Jacques_____
Keith R. Jacques, Esq. (Bar No. 2962)
Attorney for Defendant, City of Biddeford
Woodman Edmands Danylik Austin Smith & Jacques, PA
234 Main Street
P.O. Box 468
Biddeford, ME 04005
krj@woodedlaw.com
(207) 284-4581

/s/ Timothy J. Bryant_____
Timothy J. Bryant, Esq. (Bar No. 7736)
Attorney for Defendant, Roger Beaupre
Preti, Flaherty, Beliveau & Pachios, LLC
One City Center
P. O. Box 9546
Portland, ME  04112-9546
tbryant@preti.com
(207) 791-3000

**CERTIFICATE OF SERVICE**

I, Timothy J. Bryant, hereby certify that on March 15, 2016, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Dated:   March 15, 2016            /s/ Timothy J. Bryant_____
                                   Timothy J. Bryant, Esq. (Bar No. 7736)
                                   Attorney for Defendant, Roger Beaupre
                                   Preti, Flaherty, Beliveau & Pachios, LLC
                                   One City Center
                                   P. O. Box 9546
                                   Portland, ME  04112-9546
                                   tbryant@preti.com
                                   (207) 791-3000

10349204.2