# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| BERTRAND GIRARD, )<br>)<br>          PLAINTIFF )<br>)<br>v. )<br>)<br>STEPHEN DODD, ROGER BEAUPRE )<br>AND CITY OF BIDDEFORD, )<br>)<br>          DEFENDANTS ) | CIVIL NO. 2:16-CV-165-DBH |

## PROCEDURAL ORDER ON PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE STEPHEN DODD AND FOR SERVICE BY ALTERNATE MEANS

Pursuant to Federal Rule of Civil Procedure 4(m), 4(e)(1), and Maine Rule of Civil Procedure 4(g), the plaintiff Girard moves to extend the time to serve the defendant Stephen Dodd and to allow service by alternate means—specifically, by effecting service on his counsel of record in a related matter pending in this court or by serving Dodd by publication in *The Northwest Florida Daily News*, a newspaper of general circulation in Okaloosa County, Florida, and *The Ledger*, a newspaper of general circulation in Polk County, Florida.

As the plaintiff accurately recites in his memorandum, the federal rule provides that a defendant may be served by following state law, and Maine law allows services by alternate means "upon a showing that service cannot with due diligence be made by another prescribed method . . . ." M.R. Civ. P. 4(g)(1); see Fed. R. Civ. P. 4(e). I conclude that the plaintiff has met the standard of M.R. Civ. P. 4(g)(1). Rule 4(g) of the Maine Rules also provides, however, that any

motion for service by alternate means "shall be supported by (i) *a draft, proposed order* to provide the requested service by alternate means" and goes on to explicitly state what the contents of such an order must include.  M.R. Civ. P. 4(g)(1)(A)-(C), (g)(2) (emphasis added).  The plaintiff has not submitted a proposed order with his motion, and is therefore directed to do so, in compliance with the rule.  I expect the draft order to include *both* the proposed service on counsel *and* publication, not one or the other in the disjunctive, and also to provide for service at the defendant's last known address in Crestview, Florida where service upon a person living there in a related case, although challenged, ultimately led to acceptance of service by a lawyer on behalf of the defendant.  See Okaloosa Cty. Sheriff's Office Non-Enforceable Return of Service, Lauzon v. Dodd, No. 2:16-cv-51-DBH (ECF No. 3-2); Acceptance of Service, Lauzon v. Dodd, No. 2:16-cv-51-DBH (ECF No. 23).

In doing so, I note that the Law Court has made very clear that service by publication in a newspaper is an absolute "last resort that a party should attempt only when it has exhausted other means more likely to achieve notice."  Gaeth v. Deacon, 2009 ME 9, ¶ 26, 964 A.2d 621, 628.  In this digital age, when fewer and fewer people read newspapers in print, this type of service by publication is "less likely to achieve actual notice of a lawsuit" and is therefore "less likely to meet the requirements of due process."  Id.  Indeed, the plaintiff may want to consider additional alternative means such as digital media to ensure that the proposed order is "reasonably calculated to provide actual notice of the pending proceeding."  Id. (internal quotation marks omitted); see M.R. Civ. P. 4 advisory committee's notes to 2010 amend., 3A Harvey & Merritt, *Maine Civil Practice* 246-

47 (3d, 2015-2016 ed.) ("Even if service by publication is permitted, the court may still require that notice be attempted or that notice of the publication be provided to the party to be served through other alternative means, including regular mail, certified mail or electronic mail sent both to the party to be served and even conceivably to relatives, employers, or educational institutions recently attended by the party."); see, e.g., Scarcelli v. Gleichman, No. 2:12-cv-72-GZS, 2012 WL 1030140, at *2 (D. Me. Mar. 26, 2012) (ordering service by alternate means through three different methods to ensure notice to the defendant).

Accordingly, the court's Order to Show Cause is **MOOT**. (ECF No. 13.) The plaintiff shall respond to this Order and submit a proposed draft order to accompany his motion for service by alternate means in accordance with Maine Rule of Civil Procedure 4(g)(1) and (2) by July 15, 2016.

**SO ORDERED.**

**DATED THIS 29TH DAY OF JUNE, 2016**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

3