UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **BERTRAND GIRARD,** )<br>)<br>**PLAINTIFF** )<br>)<br>v. )<br>)<br>**STEPHEN DODD,** *in his individual* )<br>*capacity*; **ROGER BEAUPRE,** *in his* )<br>*official capacity as Chief of Police for* )<br>*the Biddeford Police Department and in* )<br>*his individual capacity*; AND **CITY OF** )<br>**BIDDEFORD,** )<br>)<br>**DEFENDANTS** ) | **CIVIL NO. 2:16-CV-165-DBH** |

### DECISION AND ORDER FOR FURTHER BRIEFING
### ON DEFENDANTS' MOTION TO DISMISS

This sexual assault case and its pending motion to dismiss by the Municipal Defendants are both substantially similar to two other matters before me involving the plaintiffs Matthew Lauzon, Docket No. 2:16-cv-51-DBH, and Lawrence Ouellette, Docket No. 2:16-cv-53-DBH. Important differences are, first, that the defendant police officer Stephen Dodd has not yet been served in this matter, see Order for Service by Publication (ECF No. 18), and the plaintiff has therefore not stipulated to the dismissal of his Count I section 1983 claim against Dodd as being time-barred (as both Lauzon and Ouellette have done); and second, that the plaintiff Girard raises a mental illness basis under 14 M.R.S.A. § 853 (2015) for tolling the running of the statute of limitations.

On the latter, the Municipal Defendants argue that although the Amended Complaint (which the plaintiff here filed as a matter of course under Fed. R. Civ. P. 15(a)) alleges that Girard suffered from a mental illness at the time of the sexual assaults, it does not allege when the mental illness was removed. That "omission," however, does not avoid the applicability of section 853 at this stage in the litigation. "Whether a person is mentally ill within the meaning of 14 M.R.S.A. § 853 is a question of fact," Bowden v. Grindle, 675 A.2d 968, 971 (Me. 1996) (citing McAfee v. Cole, 637 A.2d 463, 466 (Me. 1994)), and I accept the facts as stated in the plaintiff's Amended Complaint as true for purposes of deciding the defendants' motion to dismiss. It may be that the plaintiff will not be able to prove that he in fact had a mental illness that left him with "an *overall inability* to function in society" when the cause of action accrued, McAfee, 637 A.2d at 466; 14 M.R.S.A. § 853, or, if Girard had such a mental illness when the cause of action accrued, that his mental illness continued through the relevant time period so as not to bar his claims against the Municipal Defendants once the statute of limitations began to run, see 14 M.R.S.A. § 853 ("[T]he action may be brought within the times limited herein after the [mental illness] is removed."). Such determinations, however, are not appropriate at this juncture.

Otherwise, many of the issues are the same as those I have ruled upon today in Lauzon and Ouellette. Therefore, as I did in those cases, I likewise direct the parties to address the applicability of Nieves v. McSweeney, 241 F.3d 46 (1st Cir. 2001), to this case by July 28, 2016. They shall file any replies by August

11, 2016.  Although the section 853 tolling provision may prevent the dismissal of Girard's lawsuit against the Municipal Defendants at this time, I do not know whether that argument will survive development of a factual record and summary judgment or trial, and therefore it is important to address the applicability of Nieves to this lawsuit now.

**SO ORDERED.**

**DATED THIS 14TH DAY OF JULY, 2016**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**