UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **BERTRAND GIRARD,** )<br>)<br>  **PLAINTIFF** )<br>)<br>**v.** )<br>)<br>**STEPHEN DODD,** *in his individual* )<br>*capacity*; **ROGER BEAUPRE,** *in his* )<br>*official capacity as Chief of Police for* )<br>*the Biddeford Police Department and in* )<br>*his individual capacity*; **AND CITY OF** )<br>**BIDDEFORD,** )<br>)<br>  **DEFENDANTS** ) | **CIVIL NO. 2:16-CV-165-DBH** |

### DECISION AND ORDER ON MUNICIPAL DEFENDANTS' MOTION TO DISMISS

This sexual assault case and its pending motion to dismiss by the Municipal Defendants are both substantially similar to two other matters before me involving the plaintiffs Matthew Lauzon, Docket No. 2:16-cv-51-DBH, and Lawrence Ouellette, Docket No. 2:16-cv-53-DBH. Important differences are, first, that the plaintiff has not stipulated to the dismissal of his Count I section 1983 claim against Dodd[1] as being time-barred (as both Lauzon and Ouellette have done); and second, that the plaintiff Girard raises a mental illness basis under 14 M.R.S.A. § 853 (2015) for tolling the running of the statute of

---

[1] I entered an order denying the defendant Dodd's motion to dismiss on other grounds today, as well. Dodd requested (in the alternative) to join in the Municipal Defendants' motion to dismiss. I grant the motion to join, but I deny the motion on the same basis that I deny the Municipal Defendants' motion.

limitations.  Regardless of these differences (which are sufficient to defeat the Municipal Defendants' motion at this stage in the litigation), as I did in Lauzon and Ouellette, I directed the parties to brief the significance of a First Circuit decision that troubled me, Nieves v. McSweeney, 241 F.3d 46 (1st Cir. 2001).[2] After full briefing by the parties, similar to my ruling today in Lauzon and Ouellette, I now conclude that Nieves is not controlling (the plaintiffs in Nieves did not rely on the federal discovery rule because the plaintiffs knew of their injury on the date of their arrest; moreover, Nieves was decided at summary judgment, unlike here where I am ruling on the defendants' motion to dismiss) and that the allegations in Girard's Amended Complaint that he was suffering from a mental illness is sufficient to defeat the Municipal Defendants' motion to dismiss.  See Dec. & Order for Further Briefing on Defs.' Mot. to Dismiss at 2 (ECF No. 22).

Accordingly, the Municipal Defendants' motion to dismiss is **DENIED**.

**SO ORDERED.**

**DATED THIS 9TH DAY OF SEPTEMBER, 2016**

                                                    ___/S/ D. BROCK HORNBY_____
                                                    **D. BROCK HORNBY**
                                                    **UNITED STATES DISTRICT JUDGE**

---

[2] Although the section 853 tolling provision may prevent the dismissal of Girard's lawsuit against the defendants at this time, I did not and do not know whether that argument will survive the development of a factual record.  Thus, I felt it important to address the applicability of Nieves as soon as practicable.