UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **BERTRAND GIRARD,** ) <br> ) <br>     **PLAINTIFF** ) <br> ) <br> v. ) <br> ) <br> **STEPHEN DODD,** *in his individual* ) <br> *capacity*; **ROGER BEAUPRE,** *in his* ) <br> *official capacity as Chief of Police for* ) <br> *the Biddeford Police Department and in* ) <br> *his individual capacity*; AND **CITY OF** ) <br> **BIDDEFORD,** ) <br> ) <br>     **DEFENDANTS** ) | **CIVIL NO. 2:16-CV-165-DBH** |

## DECISION AND ORDER ON DEFENDANT STEPHEN DODD'S MOTION TO DISMISS

On June 30, 2016, this court ordered service on the defendant Stephen Dodd by publication (in two newspapers of general circulation in Florida), by serving Dodd's counsel of record in a related matter, and by ordering the plaintiff to mail a copy of the summons and Amended Complaint to Dodd's last-known address in Crestview, Florida. See Order for Service by Publication (ECF No. 18).

On August 4, 2016, Dodd, acting *pro se*, moved to dismiss the plaintiff's Amended Complaint for lack of personal jurisdiction, insufficient process, and insufficient service of process. Mot. to Dismiss & Incorp. Mem. of Law at 1 (ECF No. 30); see Fed. R. Civ. P. 12(b)(2), (4) & (5). In the alternative, Dodd asked for

leave to join in the Municipal Defendants' "pending" motion to dismiss.[1]  For the reasons that follow, Dodd's motion to dismiss is **DENIED**.

First I address Dodd's claim of insufficient process under Federal Rule of Civil Procedure 12(b)(4).  A motion of insufficient process concerns the form of the process rather than the manner or method of its service. Thus, a motion under Rule 12(b)(4) in effect challenges the content of the summons and whether it complied with Federal Rule of Civil Procedure 4(a) and (b).  There is nothing deficient about the summons issued in this case.  It contains the information mandated by Federal Rule of Civil Procedure 4(a) and is signed and sealed by the Clerk of the United States District Court for the District of Maine as mandated by Rule 4(b).

As to Dodd's claim of insufficient *service* of process, Federal Rule of Civil Procedure 4(e) provides that a defendant may be served by following state law, and Maine law allows service by alternate means "upon a showing that service cannot with due diligence be made by another prescribed method . . . ." M.R. Civ. P. 4(g)(1).  Girard filed a motion to serve Dodd by alternate means, which I granted after concluding that Girard had satisfied the requirements of the Federal and Maine Rules of Civil Procedure.  Specifically, Girard demonstrated that he had exercised due diligence in attempting to serve Dodd by personal service, that Dodd could not reasonably be located and may have been avoiding process of service, and that Girard's requested manner of service (by publication

---

[1] I grant Dodd's motion to join, but I entered an order today denying the Municipal Defendants' motion to dismiss.

in local newspapers, service upon his counsel of record in a related matter, and by mailing the summons and Amended Complaint to his last-known address in Florida) was reasonably calculated to provide notice of this action in the most practical manner.  Order for Service by Publication at 1-2.  It is apparent from later filings in this court that the defendant Dodd has in fact received notice.  The Maine Rule also states that service "is complete on the twenty-first day after the first service or as provided in the court's order.  The plaintiff shall file with the court an affidavit demonstrating that publication or compliance with the court's order has occurred."  M.R. Civ. P. 4(g)(3).  Girard's affidavit, which he submitted to the court on August 23, 2016 (in accordance with the Rule), states that he mailed the summons and the Amended Complaint to Dodd's counsel of record in a related matter on July 1, 2016, that he arranged for service of Dodd in Crestview, Florida on July 14, 2016 (with an executed proof of service filed with the court on July 25, 2016), and that he published this court's Order for Service by Publication in two local newspapers for three consecutive weeks, the most recent publication on August 1, 2016.  See Aff. of Att'y Daniel G. Lilley Attesting to Compliance with Order for Service by Publication (ECF No. 35).  Girard has complied with the Federal (and thus Maine) Rules for making proper service of process.

Finally, I address Dodd's claim that this court lacks personal jurisdiction over him.  The plaintiff Girard bears the burden to make a prima facie showing that the court has personal jurisdiction over the defendant.  Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008).  "Under the prima facie standard . . . [I] accept

the plaintiff's (properly documented) evidentiary proffers as true, and construe those facts in the light most congenial to the plaintiff's jurisdictional claim." Id. (internal quotation marks omitted).

"An exercise of jurisdiction must be authorized by state statute and must comply with the Constitution." Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005). The Maine long arm statute extends "to the fullest extent permitted by the due process clause of the United States Constitution." 14 M.R.S.A. § 704-A(1) (2015). Under constitutional analysis, there are two types of personal jurisdiction, general and specific. "The plaintiff need not prove the existence of both types of jurisdiction; either one, standing alone, is sufficient." Harlow, 432 F.3d at 57. I address only specific jurisdiction.

"For specific personal jurisdiction, the constitutional analysis has three distinct prongs: relatedness, purposeful availment, and reasonableness." A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 59 (1st Cir. 2016). All three prongs are satisfied here.

First, for relatedness, Girard must demonstrate a nexus between his claims and Dodd's Maine-based activities. Id. This is a "relaxed standard," although it nevertheless requires an examination of the relationship between Dodd and Maine. Id. Girard has carried his burden by demonstrating (for purposes of the personal jurisdiction analysis) that between 1977 and 1982, Dodd was employed in Maine, Dodd sexually assaulted Girard in Maine, and, at the time, both Dodd and Girard were residents of Maine.

The second prong is purposeful availment. "The purposeful availment inquiry is intended to assure that personal jurisdiction is not premised solely upon a defendant's random, isolated, or fortuitous contacts with the forum state. Rather, [the focus is] on the defendant's intentionality, and the cornerstones of purposeful availment—voluntariness and foreseeability." A Corp., 812 F.3d at 60. "This prong is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 624 (1st Cir. 2001). Again, Girard carries his burden on purposeful availment for the same reasons he carried his burden on relatedness—Girard has put forth facts that Dodd was employed as a Biddeford, Maine police officer during the time period when he allegedly sexually assaulted Girard. There is no persuasive argument that Dodd did not purposefully avail himself to the jurisdiction of Maine when he engaged in tortious conduct in Maine, against a Maine resident, while he was living and working in Maine.

The third prong—relatedness—requires an assessment of the "extent to which the exercise of jurisdiction over [Dodd] is fair and reasonable." Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 40 (1st Cir. 2016). "This analysis implicates five factors," which the First Circuit has dubbed the "Gestalt Factors." Id. They are:

> (1) the defendant's burden of appearing [in the forum state], (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's

> interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

Id. at 40 (internal quotation marks omitted) (alteration in original).  "At this stage of the analysis, the burden shifts to the defendant to convince the court that the [G]estalt factors militate against the exercise of jurisdiction."  Unicomp, Inc. v. Harcros Pigments, Inc., 994 F. Supp. 24, 33 (D. Me. 1998); see Adelson v. Hananel, 652 F.3d 75, 83 (1st Cir. 2011).

Dodd cannot meet his burden on relatedness; the Gestalt factors weigh in favor of litigating this case here—Dodd is already litigating a related case in this court; Maine has an interest in adjudicating the dispute since the alleged conduct occurred in Maine, between a Maine resident and a Maine police officer; the plaintiff Girard lives in Maine and has an interest in obtaining convenient and effective relief in this court; it may be a more efficient use of judicial resources to litigate the case here because of the similarity between this case and a related case involving the defendant Dodd; and the final factor—the common interests of all sovereigns in promoting substantive social policies—does not cut one way or the other.  I conclude, therefore, that the plaintiff Girard has made a prima facie showing of personal jurisdiction.

Accordingly, the defendant Dodd's motion to dismiss is **DENIED**.

**SO ORDERED.**

**DATED THIS 9TH DAY OF SEPTEMBER, 2016**

                                              S/S D. BROCK. HORNBY
                                              **D. BROCK HORNBY**
                                              **UNITED STATES DISTRICT JUDGE**