UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BERTRAND GIRARD, | ) | |
| | ) | |
| Plaintiff | ) | DOCKET NO: 16-cv-165-DBH |
| | ) | |
| vs. | ) | |
| | ) | |
| STEPHEN DODD, | ) | |
| ROGER BEAUPRE, and | ) | |
| CITY OF BIDDEFORD | ) | |
| | ) | |
| Defendants | ) | |

**ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF
DEFENDANTS CITY OF BIDDEFORD AND ROGER BEAUPRE TO PLAINTIFF'S
FIRST AMENDED COMPLAINT AND REQUEST FOR TRIAL BY JURY**

NOW COME Defendants City of Biddeford and Roger Beaupre (hereinafter "City Defendants") and answer Plaintiff's First Amended Complaint (Document 6) ("Plaintiff's Complaint") as follows.

**Preliminary Statement**

1.  City Defendants admit to the following: (a) Roger Beaupre has been Chief of the Biddeford Police Department from 1981 to the present. (b) In 1990, Chief Beaupre was made aware of a complaint against a police officer named Norman Gaudette, alleging he had sexually abused a young man. (c) Chief Beaupre immediately directed that for the matter to be referred to the Maine Office of the Attorney General ("MeOAG") for investigation and placed Gaudette on administrative suspension. (d) The MeOAG assigned a prosecutor and an investigator to the case and the Biddeford Police Department assisted in the investigation by assigning two members of its Detective Division. (e) Chief Beaupre had no role in this investigation. (f) The MeOAG presented the case to the York County Grand Jury, no indictment was returned, and

1

MeOAG closed its investigation into this officer's allegations of sexual misconduct. (g) Following the closure of the case by the MeOAG, Gaudette filed a grievance through the union seeking reinstatement to active duty. (h) Sometime thereafter, the grievance was resolved and Gaudette returned to active duty on the Biddeford Police Department.

City Defendants also admit to the following: (i) Allegations concerning alleged misconduct involving any member of Biddeford Police Department, including Stephen Dodd, were the subjects of Chief Beaupre's immediate referrals for investigation to York County District Attorney's Office, the Department of Health and Human Services and/or the MeOAG as required. (j) In March 2002, Biddeford Police Department received an anonymous note making allegations of sexual misconduct by Stephen Dodd. (k) Chief Beaupre immediately arranged for the matter to be referred to the Maine Office of the Attorney General ("MeOAG") for investigation and confirmed that Dodd was already off duty on medical leave and would remain there until after the investigation was completed by the MeOAG. (l) A member of the BPD Detective Division assisted the MeOAG investigation, but Chief Beaupre was not involved in the investigation. (m) In October 2002, the MeOAG provided a copy of its investigative report to Chief Beaupre concerning the Stephen Dodd investigation. Prior to receiving this information, Chief Beaupre was not aware of any allegations of sexual misconduct by Dodd relating to Bertrand Girard. (n) At that point, Chief Beaupre took steps to request that a decertification action by the Maine Criminal Justice Academy Board of Directors take place. (o) Decertification of Dodd's certificate of eligibility as a law enforcement officer was a preferred option to Chief Beaupre so that Dodd could not simply be able to go to work in another police department in the State of Maine. (p) After several months of delay by Dodd, he finally agreed

to a resignation from the Biddeford Police Department effective July 18, 2003, the anniversary of his hiring.

City Defendants deny all other allegations directed against them.  City Defendant have insufficient information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, deny same.

**Parties**

2. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, deny same.

3. City Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, deny same.

5. City Defendants admit that Stephen Dodd was a police officer with the Biddeford Police Department from 1978-2003.  City Defendants deny that Stephen Dodd was acting under color of state law at the time of his alleged sexual conduct with Matthew Lauzon.  City Defendants deny the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6. City Defendants admit that Chief Beaupre has been the Chief of Police for the Biddeford Police Department from 1981 to the present and admit the remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7. The allegations in Paragraph 7 of the Plaintiff's Complaint state a legal conclusion and do not require a response. To the extent a response is required to respond, City Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. City Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. City Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

### Statement of Facts

10. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and, therefore, deny same.

11. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, deny same.

12. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, deny same.

13. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and, therefore, deny same.

14. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, deny same.

15. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, deny same.

16. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, deny same.

17. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, deny same.

18. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and, therefore, deny same.

19. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, deny same.

20. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and, therefore, deny same.

21. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, deny same.

22. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and, therefore, deny same.

23. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and, therefore, deny same.

24. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and, therefore, deny same.

25. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and, therefore, deny same.

26. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint and, therefore, deny same.

27. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and, therefore, deny same.

28. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint and, therefore, deny same.

29. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint and, therefore, deny same.

30. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and, therefore, deny same.

31. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint and, therefore, deny same.

32. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint and, therefore, deny same.

33. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and, therefore, deny same.

34. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint and, therefore, deny same.

35. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint and, therefore, deny same.

36. City Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. City Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. City Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. City Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. City Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. City Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. City Defendants deny Chief Beaupre had any relationship with Stephen Dodd that would compromise his ability to act if he received information that Dodd was engaged in criminal action or other conduct unbecoming a police officer. City Defendants deny the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint and, therefore, deny same.

44. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint and, therefore, deny same.

45. City Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. City Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. City Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. City Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. City Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. City Defendants deny any involvement by the City Defendants and have insufficient information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 50 of Plaintiff's Complaint and, therefore, deny same.

## Claims For Relief

### Count I
### 42 U.S.C. § 1983
### (Officer Dodd in his Individual Capacity)

51. City Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 50 above as if fully set forth herein.

52-55.  These paragraphs do not contain allegations against City Defendants and have been dismissed by the Court's "Decision and Order on Motions to Amend Complaint and Order for Further Briefing on Defendants' Motions to Dismiss" dated July 14, 2016 (hereinafter referred to as "Decision and Order") (Document 18 at 4-5).  To the extent these paragraphs may be construed to contain allegations against City Defendants pertinent to Counts II and III, the allegations are denied.

## Count II
## 42 U.S.C. § 1983
### (Chief Beaupre in his Individual Capacity)

56. City Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 55 above as if fully set forth herein.

57. Paragraph 57 of Plaintiff's Complaint states a legal conclusion and, therefore, needs no response. To the extent that Paragraph 57 is considered to include allegations of fact, they are denied.

58. City Defendants admit that Stephen Dodd was a police officer at the Biddeford Police Department from 1978 - 2003 and that Roger Beaupre has been Chief of Police from 1981 - present, but deny the remaining allegations in Paragraph 58 of Plaintiff's Complaint.

59. City Defendants have insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint and, therefore, deny same.

60. City Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. City Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. City Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. City Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

## Count III
## 42 U.S.C. § 1983
### (Municipal Defendants)

64. City Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 63 above as if fully set forth herein.

65. Paragraph 65 of Plaintiff's Complaint states a legal conclusion and, therefore, needs no response. To the extent that Paragraph 65 is considered to include allegations of fact, they are denied.

66. City Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. City Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. City Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. City Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. City Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. City Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. City Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

**Count IV**
**Negligent Supervision**
**(Municipal Defendants)**

73. City Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 72 above as if fully set forth herein.

74-82.  This Count has been dismissed by the Court's "Decision and Order" dated July 14, 2016 (Document 18 at 4-5).  To the extent that these paragraphs may be construed to contain allegations against the City Defendants pertinent to Counts II and III, the allegations are denied

## Count V
## Sexual Assault
## (Officer Dodd in his Individual Capacity)

83. City Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 82 above as if fully set forth herein.

84-86. These paragraphs do not contain allegations against City Defendants.  To the extent that these paragraphs may be construed to contain allegations against the City Defendants pertinent to Counts II and III, the allegations are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. The Plaintiff's claims are barred by the applicable statute of limitations.

3. The Plaintiff's claims are barred and/or limited by provisions of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8107 and 8110.

4. The Plaintiff's claims are barred by the subject matter and general immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8103, 8104-A and 8113.

5. The Plaintiff's claims are barred by the functional immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8104-B and 8111.

6. The Plaintiff's claims are limited by provisions of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8105 and 8116.

7. The Plaintiff's claims are barred for failure to satisfy mandatory conditions precedent to asserting his state law claims.

8. The Plaintiff's damages, if any, are the result of intervening or superseding events which bar or reduce his claim under Maine law.

9. Any negligence, which is specifically denied, occurred as a result of the acts or omissions of third parties over whom the City Defendants had no control.

10. The Plaintiff's claims are barred because no alleged act or omission on the part of the City Defendants was the proximate cause of any alleged injuries to the Plaintiff.

11. The Plaintiff is guilty of fault which was equal to or greater than that of any alleged negligence of City Defendants and, therefore, Plaintiff is barred from recovery; to the extent Plaintiff is found to be guilty of fault which was less than that of the City Defendants, then any recovery must be reduced accordingly.

12. The Plaintiff has failed to mitigate his damages.

13. The Plaintiff's claims against the City Defendants are barred because the conduct of Stephen Dodd was not under color of state law.

14. The Plaintiff's claims are barred by the doctrines of absolute and qualified immunity.

15. The conduct of the City Defendants violated no clearly established constitutional rights of the Plaintiff.

16. The actions of the City Defendants were at all times conducted in good faith and without knowledge that any of their conduct violated any clearly established statutory or constitutional rights of the Plaintiff.

17. The conduct of the City Defendants was not arbitrary or unreasonable.

18. The injuries of the Plaintiff were not caused by any policy, custom or by deliberate indifference on the part of the City Defendants or its policymakers.

19. Punitive damages are not recoverable against the City Defendants for the following reasons:

   A. City Defendants at all pertinent times, acted without either evil motive or intent or reckless or callous indifference to the Plaintiff's rights; and

   B. Punitive damages are anachronistic, contrary to public policy and unconstitutional as to the City Defendants under the facts of this case.

   C. Punitive damages are not recoverable against entities under case law of the United States Supreme Court.

20. Plaintiff's claims are barred because he was not mentally incompetent at the operative times outlined in the Complaint.

WHEREFORE, City Defendants respectfully request that all relief requested by Plaintiff be denied and that the City Defendants be awarded their costs, reasonable attorneys' fees, and such other relief the Court deems just and appropriate.

City Defendants respectfully request a trial by jury.

Dated: September 23, 2016.

/s/ Keith R. Jacques
Keith R. Jacques, Esq. (Bar No. 2962)
Attorney for Defendant, City of Biddeford
Woodman Edmands Danylik Austin Smith
 & Jacques, PA
234 Main Street
P.O. Box 468
Biddeford, ME 04005
krj@woodedlaw.com
(207) 284-4581

/s/ Timothy J. Bryant
Timothy J. Bryant, Esq. (Bar No. 7736)
Attorney for Defendant, Roger Beaupre
Preti, Flaherty, Beliveau & Pachios, LLC
One City Center
P. O. Box 9546
Portland, ME 04112-9546
tbryant@preti.com
(207) 791-3000

## CERTIFICATE OF SERVICE

I, Keith R. Jacques, hereby certify that on September 23, 2016, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Keith R. Jacques
Keith R. Jacques, Esq. (Bar No. 2962)
Attorney for Defendant, City of Biddeford
Woodman Edmands Danylik Austin Smith & Jacques, PA
234 Main Street
P.O. Box 468
Biddeford, ME 04005
krj@woodedlaw.com
(207) 284-4581