UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BERTRAND GIRARD, )
)
      Plaintiff )
v. ) No. 2:16-cv-00165-LEW
)
STEPHEN DODD, et al., )
)
      Defendants )

### MEMORANDUM DECISION AND ORDER ON DEFENDANT CITY OF BIDDEFORD'S MOTION FOR SANCTIONS

In this Section 1983 civil rights action, defendant City of Biddeford (the "City") seeks sanctions against the plaintiff pursuant to Federal Rule of Civil Procedure 37 for his failure to respond to discovery requests. *See* Defendant City of Biddeford's Motion for Sanctions ("Motion") (ECF No. 127). The City requests that the court dismiss the plaintiff's complaint or, in the alternative, strike his expert. *See id.* at 5. On the showing made, I conclude that sanctions are warranted, but not in either of the forms requested. Rather, I grant the Motion in part, to the extent that I bar the plaintiff from introducing into evidence documents or testimony that are responsive to the discovery requests at issue, except to the extent that he was deposed on the same questions, and order that he reimburse the City its reasonable expenses, including attorney fees, incurred in filing the instant motion, and otherwise deny it.

### I. Background

The plaintiff filed this action in state court on January 28, 2016. *See* Complaint (ECF No. 1-1), attached to Notice of Removal (ECF No. 1). The City removed the action on March 11, 2016. *See* Notice of Removal. After numerous delays, including those occasioned by the death of plaintiff's counsel of record, the plaintiff's current attorney filed a notice of appearance on May

1

11, 2017. *See* ECF No. 64. On March 20, 2018, I ordered the plaintiff to (i) serve responses to defendant Roger Beaupre's interrogatories and production requests by April 3, 2018, and (ii) provide a date to opposing counsel by April 10, 2018, for the deposition of the plaintiff's expert, Dr. John Daigneault. *See* ECF No. 85. The plaintiff missed both deadlines, and, on April 17, 2018, requested a 20-day extension of each. *See* ECF No. 89 at 2. On April 19, 2018, I extended the plaintiff's deadlines to respond to defendant Beaupre's production requests and interrogatories to April 30 and May 8, respectively. *See* ECF No. 91. I ordered the parties to meet and confer to "identify available deposition dates as soon as possible, in compliance with my previously-set deadline for completing the deposition by May 30, 2018." *Id.* The parties missed that deadline.

On June 6, 2018, I held a hearing to resolve further disputes over Dr. Daignault's fee and the adequacy of the plaintiff's written discovery responses. *See* ECF No. 95. To resolve those issues, I ordered that the defendants pay a portion of Dr. Daignault's fee and that the plaintiff supplement his discovery responses. *See id*. The dispute over Dr. Daignault's fee continued, and I issued additional orders on June 27 and July 30. *See* ECF No. 98 at 3; ECF No. 104. In my July 30 order, I cautioned that, "if Dr. Daignault's deposition is not taken in a timely fashion as a result of action or inaction of the plaintiff or his expert, upon motion of the defendants, I will reconsider the sanctions that the defendants have raised, up to and including striking Dr. Daignault as an expert witness at trial." ECF No. 104.

The deposition was rescheduled for September 19, 2018, but did not go forward due to another scheduling dispute. *See* ECF No. 110 at 1-3. During a subsequent hearing on October 16, 2018, the defendants renewed their request to strike the expert witness, but I declined. *See* ECF No. 112. I did, however, renew my warning that sanctions might be appropriate "if Dr. Daignault's

2

deposition is not taken in a timely fashion as a result of action or inaction of the plaintiff or his expert[.]" *Id.* Finally, the deposition of Dr. Daignault was taken on November 14, 2018. Motion at 4.

Meanwhile, the City served the plaintiff with contention interrogatories and requests for production of documents on August 28, 2018. *See id.* at [1]. During the October 16 hearing, I ordered the plaintiff to serve his already overdue discovery responses by October 25, 2018. *See* ECF No. 112. The plaintiff did not do so. *See* ECF No. 120; Motion at 2. I held another hearing on January 29, 2019. *See* ECF No. 126. The plaintiff's counsel did not attend,[1] and I authorized the City to file a motion for discovery sanctions by February 8, 2019. *Id.* The City filed this motion on February 8 seeking dismissal of the plaintiff's action, or in the alternative, the striking of his expert witness. *See* Motion at 5. The plaintiff did not respond.

## II. Discussion

As a threshold matter, I find that the discovery conduct of the plaintiff warrants sanctions. Federal Rule of Civil Procedure 37 authorizes a court to impose sanctions when a party "fails to obey an order to provide . . . discovery" or when "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(b)(1)(A), 37(d)(1)(A)(ii). A failure to serve discovery responses pursuant to Rule 37(d)(1)(A)(ii) "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

The available sanctions include: (i) "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party

---

[1] The plaintiff's counsel also did not attend the Local Rule 56(h) conference held on December 20, 2018. *See* ECF No. 125 at 1.

3

claims;" (ii) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;" (iii) "striking pleadings in whole or in part;" (iv) "staying further proceedings until the order is obeyed;" (v) "dismissing the action or proceeding in whole or in part;" and (vi) "rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(1)(A)(i)-(vi), 37(d)(3).

Rules 37 further provides that, "[i]nstead of or in addition to" these sanctions or orders, "the court must require" the noncompliant party, "the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C), (d)(3).

The First Circuit has set out a "non-exhaustive list of factors for consideration when reviewing a Rule 37 motion for sanctions, some substantive and others procedural." *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 435 (1st Cir. 2015). Specifically, courts should weigh the (i) "severity of the discovery violations," (ii) "legitimacy of the party's excuse for failing to comply," (iii) "repetition of violations," (iv) "deliberateness of the misconduct," (v) "mitigating excuses," (vi) "prejudice to the other party and to the operations of the court," and (vii) "adequacy of lesser sanctions." *Id*. On the procedural side, courts must give "the offending party notice of the possibility of sanctions and the opportunity to explain its misconduct and argue against the imposition of such a penalty." *Id*.

The first six factors above weigh in favor of sanctions in this case. The plaintiff's refusal to respond to the City's discovery request is severe, he offers no excuse for his misconduct, this action involves a long history of misconduct by the plaintiff, the misconduct appears to be deliberate, the plaintiff's mitigating excuses (change of counsel and scheduling difficulties) were

4

accommodated, and the City and court operations are significantly prejudiced (the City by lacking responses to its discovery requests, and the court by numerous delays).

Nonetheless, the last factor cuts against granting the City's request for the harsher sanctions of dismissal of the complaint or the striking of the plaintiff's expert because lesser sanctions will suffice and are more tailored to the plaintiff's misconduct. First, the City has deposed the plaintiff's expert, such that striking that testimony to address a separate violation concerning written discovery would be inapposite. Second, while the plaintiff's discovery violations are severe, the ultimate sanction of dismissal is both disproportionate and also not sufficiently aligned with the plaintiff's failure to produce the documents requested or to answer the contention interrogatories propounded.

Instead, I order that the plaintiff may not introduce into evidence documents or testimony that are responsive to the discovery requests at issue, except to the extent that he was deposed on the same questions, and must reimburse the City its reasonable expenses, including attorney fees, incurred in filing the instant motion.

### III. Conclusion

For the foregoing reasons, the Motion is **GRANTED IN PART**, to the extent that I **ORDER** that the plaintiff be precluded from introducing into evidence documents or testimony that are responsive to the discovery requests at issue, except to the extent that he was deposed on the same questions, and **DIRECT** the plaintiff to reimburse the City its reasonable expenses, including attorney fees, incurred in filing the instant motion, and otherwise **DENIED**. The City shall file an itemized statement, redacted of any privileged information, within 14 days of the entry of this order, and the defendant shall file any objection within 14 days of the plaintiff's filing.

## NOTICE

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 22nd day of March, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge