IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
PORTLAND DIVISION

| | |
|---|---|
| BERTRAND GIRARD )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEPHEN DODD, ROGER BEAUPRE, )<br>and CITY OF BIDDEFORD )<br>)<br>Defendants. ) | Case No. 2:16-CV-165 |

## MOTION FOR SUMMARY JUDGMENT

NOW COMES, the Defendant, Stephen Dodd, and joins in certain sections of the motion for summary judgment and statement of material facts that has been filed on behalf of Roger Beaupre and the City of Biddeford (hereinafter "the City Defendants"). Specifically, I join the City Defendants' argument that judgment must be entered against the claims of the Plaintiff, Bertrand Girard, because the statute of limitations for each claim has expired (See, Sections I and I (A-C) of City Defendants' Motion for Summary Judgment and related Statement of Material Fact sections and citations). As with the City Defendants, the applicable statutes of limitations that govern Plaintiff Girard's claims against me expired long ago.[1] As outlined in the City Defendants' motion for summary judgment, Mr. Girard has not presented any evidence that would allow for

---

[1] Count V of the Plaintiff's Amended Complaint is for "sexual assault." As there is no tort in Maine for "sexual assault," it is understood that the count sounds in the tort of assault. In Maine, civil claims for assault are now subject to a two year statute of limitations. 14 M.R.S.A. 753. Prior to September of 1982, when Plaintiff Girard claims that I abused him, claims for assault may have been subject to a six-year statute of limitation. Importantly, Plaintiff Girard turned 18 on September 19, 1982. At that time, 14 M.R.S.A 752-C, which enlarges that statute of limitations for claims arising out of alleged abuse of minors was not in effect.

The City Defendants' Motion for Summary Judgment argues that Plaintiff Girard's Section 1983 claims are time-barred because he did not bring them within the six year statute of limitations. As Plaintiff Girard's claim for "sexual assault" against me is subject to the same of lower statute of limitations, the claim is likewise time-barred. The Section 1983 claim against me is time-barred for the same reasons that were argued by the City Defendants

the tolling of the applicable statute of limitations. Judgment should be entered against all Plaintiff's claims against me because he failed to prosecute them during the time period allowed by law.

For the reasons stated herein, and for the reasons stated in the City Defendants' Motion for Summary Judgment and Statement of Material Facts, I respectfully request that this Court enter judgment against all claims asserted against me by Plaintiff Girard.

Dated in Florida on this 1st day of April, 2019.

/s/ Stephen Dodd
Defendant, Stephen M. Dodd

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of April, 2019, Stephen Dodd's Motion for Summary Judgment was served on all Parties by email. In addition, Stephen Dodd will mail copies of the Motion for Summary Judgment to all Parties.