UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BERTRAND GIRARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16-cv-00165-LEW |
| | ) | |
| STEPHEN DODD, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT AND MOTION FOR JUDGMENT**

In this action, the Plaintiff, Bertrand Girard, alleges Biddeford Police Officer Stephen Dodd sexually assaulted him during a five-year period when Girard was a minor. Plaintiff also alleges that Roger Beaupre, then the Chief of Police of the Biddeford Police Department, knew or should have known of Officer Dodd's misconduct and failed to take action to prevent the abuse. Plaintiff filed this civil action against Mr. Dodd, Mr. Beaupre, and the City of Biddeford.

Defendant Stephen Dodd – a self-represented litigant and the only remaining defendant – now moves for summary judgment on the claims against him by "join[ing] in certain sections of the motion for summary judgment and statement of material facts that has been filed on behalf of Roger Beaupre and the City of Biddeford." Mot. Summ. J. 1 (ECF No. 137, #725). As Plaintiff did not file a response to Dodd's motion for summary judgment, Dodd additionally filed a "motion for judgment," requesting this Court grant his motion for summary judgment due to Plaintiff's failure to respond. (ECF No. 140, #731-32).

1

For the reasons discussed herein, Defendant Dodd's Motion for Summary Judgment (ECF No. 137) is **GRANTED**.

## SUMMARY JUDGMENT FACTS

If a party opposing a motion for summary judgment fails to file a written objection (along with a memorandum of law) within 21 days from the date the motion was filed, that party will be "deemed to have waived objection."[1] Me. Loc. R. 7(b); *see also* Fed. R. Civ. P. 56(e)(2), (3) ("If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it."). Because Plaintiff has failed to respond to Dodd's motion for summary judgment, I "accept the moving party's facts as stated." *Cabán Hernández v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir. 2007); *see also* Me. Loc. R. 56(f) ("Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted.").

Although Defendant Dodd did not strictly comply with the District of Maine Local Rules, *see* Me. Loc. R. 7(a) ("Every motion shall incorporate a memorandum of law, including citations and supporting authorities."), Me. Loc. R. 56(b) ("A motion for summary judgment shall be supported by a separate, short, and concise statement of

---

[1] On February 15, 2019, in response to Defendant Dodd's indication of an intent to file a motion for summary judgment, I directed the parties to comply with Local Rule 7 when filing responses and replies. ECF No. 128.

material facts, each set forth in a separately numbered paragraph(s), as to which the moving party contends there is no genuine issue of material fact to be tried."), Dodd did endeavor to join Defendants Beaupre and the City of Biddeford's Motion for Summary Judgment (ECF No. 134), which comply with the District of Maine Local Rules.[2]

As outlined in Defendants Beaupre and the City of Biddeford's motion and accompanying documents, in the late 1970s, when Plaintiff was approximately fifteen years old, he met Stephen Dodd who, at the time, was a member of the Biddeford Police Department.[3] Defs.' Statement of Material Facts ("SMF") ¶¶ 131, 139 (ECF No. 135, #516-17); Girard Dep. 138:2-9 (ECF No. 135-1, #555). Plaintiff and Dodd developed a close relationship (Plaintiff allegedly considered Dodd to be "like a big brother or father figure") and soon thereafter, Plaintiff moved in with Dodd. SMF ¶¶ 141, 143; Girard Dep. 194:9-10. Plaintiff asserts Dodd began to sexually abuse him shortly after Plaintiff moved in and continued to abuse him until Plaintiff reached his early thirties. SMF ¶¶ 146, 147-50; Girard Dep. 194:15–195:6.

Throughout his life, Plaintiff has received mental health treatment from at least five counselors. SMF ¶ 61; Girard Dep. 151:8-24. The record indicates Plaintiff revealed his history with Dodd to at least four of these counselors. SMF ¶¶ 62-63; Girard Dep. 152:11-

---

[2] As a general rule, "pro se litigants are not held to the same standards as attorneys, particularly with respect to 'technical rules of procedure'" (even if they are not free from "the obligation to comply with procedural rules"). *Inman v. Riebe*, No. 2:15-CV-00080-JAW, 2016 WL 1170973, at *2 n.4 (D. Me. Mar. 24, 2016) (quoting *Ericson v. Magnusson*, No. 2:12-cv-00178-JAW, 2013 WL 2634761, at *2 (D. Me. June 12, 2013)). Accordingly, I will allow Dodd's deviation from the strict protocol outlined under the District of Maine Local Rules.

[3] In contrast, Plaintiff's complaint asserts Dodd's abuse began in 1977 – when Plaintiff was 13 years old.

13, 155:4-16, 158:25-159:8, 159:12-15, 160:10-13. In addition to addressing his history with Dodd, these counselors also provided support relating to Plaintiff's drug and alcohol use. SMF ¶ 61; Girard Dep. 152:16.

From a young age, Plaintiff has held a variety of jobs, SMF ¶¶ 65-69, 71, 73, 76; Girard Dep. 36:16–44:13, and for the past twenty years, Plaintiff has owned and operated his own business. SMF ¶ 77; Girard Dep. 42:17-20, 53:11-14. Plaintiff has also rented numerous properties and has owned and lived in a home with his wife for the past 12 years. SMF ¶¶ 52, 55-56; Girard Dep. 8:17-10:7.

The record indicates Plaintiff had various interactions with the legal system over the years – ranging from receiving legal custody of four of his children by court order, retaining an attorney to assist him with child support issues, to filing personal injury lawsuits. SMF ¶¶ 16, 26-28, 42, 44; Girard Dep. 111:17-22, 118:17-23, 119:21-24, 130:7-25. In 2000, Plaintiff approached an attorney regarding "what Steve Dodd did to [him]," but ultimately decided against filing a lawsuit at that time. SMF ¶ 48-49; Girard Dep. 167:13-21, 168:12-13.

Plaintiff commenced this civil action on January 28, 2016, asserting a federal civil rights claim and a state law assault claim against Dodd based on the sexual abuse inflicted by Dodd between 1977 and 1982 (when Plaintiff turned eighteen). Compl. (ECF No. 1-1). On April 1, 2019, Dodd filed a motion for summary judgment. Mot. Summ. J. (ECF No. 137). Dodd's motion consists entirely of his argument that the statute of limitations for each claim asserted by Plaintiff has expired and that the applicable statute of limitations has not been tolled. Mot. Summ. J. 1-2 (ECF No. 137, #725-26).

4

**DISCUSSION**

Despite Plaintiff's failure to respond to the motion for summary judgment, I will not automatically grant Dodd's motion for summary judgment. *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7–8 (1st Cir. 2002); *Leonard v. Young*, No. CV-09-192-B-W, 2010 WL 785990, at *1 (D. Me. Mar. 2, 2010) ("The failure of the non-moving party to respond does not automatically entitle the movant to summary judgment."). I must only grant Dodd's motion if it is "appropriate" or, in other words, if his submission shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also NEPSK, Inc.*, 283 F.3d at 8.

Because the statute of limitation is an affirmative defense, it is Dodd's initial burden to put forward evidence that is conclusive of the issue. *Torres Vargas v. Santiago Cummings*, 149 F.3d 29, 35-36 (1st Cir. 1998). If he does so, the burden shifts to Girard to establish the statute of limitation does not apply. *Asociacion de Suscripcion Conjunta del Seguro de Responsabilidad Obligatorio v. Juarbe-Jimenez*, 659 F.3d 42, 50 n.10 (1st Cir. 2011). And, importantly, where the opposition to the statute of limitation defense rests on an equitable tolling exception, the burden of demonstrating the statute was tolled falls on the plaintiff. *Miller v. Miller*, 2017 ME 155, ¶ 10, 167 A.3d 1252, 1255; *Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc.*, 812 F.3d 213, 216 (1st Cir. 2016) (applying Puerto Rico rule that shifts the burden to the plaintiff to demonstrate facts supporting a tolling exception).

## I.  SECTION 1983 STATUTE OF LIMITATIONS

Under 42 U.S.C. § 1983, plaintiffs who are deprived by governmental actors acting under color of law of "any rights, privileges, or immunities secured by the Constitution and laws" may seek redress for violation of those rights in a private action. *Cruz–Erazo v. Rivera–Montanez*, 212 F.3d 617, 621 (1st Cir. 2000). "In bringing suit, however, plaintiffs must act within the prescribed statute of limitations; otherwise, the defendant may use the untimely filing as an affirmative defense which, if validated, *precludes the court from granting the requested relief.*" *Cao v. Puerto Rico*, 525 F.3d 112, 115 (1st Cir. 2008) (emphasis added).

In Maine, cases brought under section 1983 are subject to a six-year statute of limitations pursuant to 14 M.R.S. § 752. *Small v. Inhabitants of City of Belfast*, 796 F.2d 544, 546 (1st Cir. 1986) ("[T]he Maine six-year statute of limitations, 14 M.R.S. § 752, is the appropriate one to be used for section 1983 cases in the state of Maine.").

Although federal courts apply the statute of limitations period prescribed by state law, federal law governs the accrual date of an action under section 1983. *Wallace v. Kato*, 549 U.S. 383, 388 (2007). The accrual date, or the point in time at which the statute of limitations begins to run, is "when the plaintiff knows, or has reason to know, of the injury on which the action is based." *Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 353 (1st Cir. 1992). The accrual date may be impacted by the specific facts presented in a case. For example, when a plaintiff alleges harms inflicted before he or she reached the age of majority, federal courts will borrow from state law tolling principles, *see Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 483-84 (1980), and thus, in Maine, an

6

action will accrue only after the plaintiff reaches the age of majority pursuant to 14 M.R.S. § 853. Similarly, if a plaintiff establishes that he was "mentally ill within the meaning of [14 M.R.S.] § 853," an action will accrue only once his disability is removed. *Douglas v. York Cty.*, 433 F.3d 143, 144 (1st Cir. 2005). For purposes of the tolling statute, "mental illness" is evidenced by an "overall inability to function in society that prevents plaintiffs from protecting their legal rights." *Id.* (quoting *McAfee v. Cole*, 637 A.2d 463, 466 (Me.1994)).

Plaintiff reached the age of majority in September 1982. In the absence of any applicable tolling provisions, the statute of limitations would have expired six years later. Plaintiff alleges in the Amended Complaint that he experienced mental illness when the sexual assaults occurred and that his mental illness was exacerbated by "[t]he ongoing sexual abuse perpetrated by Officer Dodd." Am. Compl. ¶¶ 45, 46 (ECF No. 6, #71). Plaintiff also asserts that because of his mental illness, he was unable to function in society and protect his legal rights. *Id.* ¶¶ 48-49. Thus, it is fair to construe his complaint as asserting the applicability of the mental illness tolling provision under 14 M.R.S. § 853. However, in failing to oppose Defendant Dodd's motion for summary judgment, Plaintiff has not introduced any evidence to support his allegation of inability to function.

While I am permitted to draw reasonable inferences in Plaintiff's favor based on evidence, at the summary judgment stage I cannot "credit bald assertions" untethered from record evidence. *Cabán Hernández*, 486 F.3d at 8. Tolling provisions in Maine are construed narrowly and Plaintiff has failed to submit any evidence or offer any argument

7

to support his claim that he suffered from a mental illness that incapacitated him or, in other words, removed his "overall ability to function in society." *Douglas,* 433 F.3d at 153.

Plaintiff has worked throughout his life and has successfully owned and managed a company for the past twenty years. He has rented various apartments and has owned a home with his wife for the past 12 years. Additionally, Plaintiff has tried to receive help for his substance abuse issues for the past twenty years. Plaintiff has also demonstrated an awareness of the harms he suffered at the hands of Dodd as he sought out assistance from counselors, reported his sexual abuse to at least four of those counselors, and approached an attorney in 2000 to seek relief for the harms inflicted by Dodd. More broadly, the summary judgment record reveals that Plaintiff demonstrated an ability to protect his legal rights when he retained counsel on various occasions for a variety of purposes. When faced with a similar factual scenario, the First Circuit emphasized the same indicators of "reasonabl[e] self-sufficien[cy]" and held that "Maine's allowance for fairness to the mentally ill in its tolling provision simply cannot be stretched so far as to toll [Plaintiff's] claim." *Id*. at 154. In the absence of any evidence or argumentation in opposition to Defendant's motion for summary judgment, I must conclude that Plaintiff's mental illness falls short of the standard of an "overall inability to function in society that prevents plaintiffs from protecting their legal rights." *Id.* at 144 (quoting *McAfee*, 637 A.2d at 466).

As alleged, Mr. Girard suffered terrible harms at the hands of Defendant Dodd. However, this lawsuit was filed in January 2016 – nearly 28 years after the statute of limitations period had expired. In the absence of any opposition to the motion and unless the United States Court of Appeals for the First Circuit or the United States Supreme Court

establishes a new tolling provision, I am required to grant Defendant's motion for summary judgment as to the section 1983 claim.

## II. MAINE ASSAULT STATUTE OF LIMITATIONS

Defendants Beaupre and the City of Biddeford's Motion for Summary Judgment (upon which Defendant Dodd relies) does not address the state law claims asserted against Defendant Dodd. However, Defendant Dodd argues the state-law assault claim asserted in Count V of the Amended Complaint is time-barred. Mot. Summ. J., 1 n.1. Importantly, Defendant Dodd asserts that when Plaintiff reached the age of majority in September 1982, "14 M.R.S. [§] 752-C, which enlarges that statute of limitations for claims arising out of abuse of minors was not in effect." Mot. Summ. J., 1 n.1.

Defendant Dodd's assertions on this point are correct and Plaintiff's state-law claims are time-barred. Plaintiff reached the age of majority in September 1982 and "as a result, any tolling of the statute of limitations for claims that accrued when he was a minor would have ended on that day." *Guptill v. Martin*, 228 F.R.D. 62, 64 (D. Me. 2005). In the absence of additional tolling provisions, Plaintiff's claim for assault was governed by the "generally applicable two-year statute of limitations for assault and battery." *Angell v. Hallee*, 2014 ME 72, ¶ 5, 92 A.3d 1154 (citing 14 M.R.S. § 753). Therefore, Plaintiff had until September 1984 to bring his state-law claim for assault. 14 M.R.S. § 753.

In September 1985, the Maine Legislature enacted a six-year statute of limitations period for claims relating to sexual acts towards minors. *Angell*, 2012 ME 10, ¶ 7, 36 A.3d 922 (citing P.L.1985, ch. 343, § 1 (effective Sept. 19, 1985)). This law was repeatedly amended and, in its current form, provides that when actions are "based upon sexual acts

toward minors," no statute of limitations applies and the action "may be commenced at any time." *See* P.L. 1999, ch. 639, § 1 (effective Aug. 11, 2000) (codified at 14 M.R.S. § 752–C). However, these changes were not made retroactive and were enacted after the statute of limitations applicable to Plaintiff's claims expired. It has been the opinion of this court that "the Legislature clearly did not intend for this expanded statute of limitations to revive claims that were already 'barred by the previous statute of limitations in force' prior to the amendments." *Guptill*, 228 F.R.D. at 66 (quoting Me. P.L. 1991, Ch. 551, § 2; Me. P.L. 1999, Ch. 639, § 2). Plaintiff's claims were time barred as the applicable statute of limitations ran in 1984 and could not be revived despite the subsequent legislation.

## CONCLUSION

Defendant Dodd's Motion for Summary Judgement (ECF No. 137) is granted. Defendant's "Motion for Judgment" (ECF No. 140) is moot.

**SO ORDERED.**

Dated this 2nd day of August, 2019.

                                                /s/ Lance E. Walker
                                                U.S. DISTRICT JUDGE